LOURIE, Circuit Judge.

ORDER

JVW Enterprises, Inc. moves to vacate the judgment of the United States District Court for the Western District of New York in JVW Enterprises, Inc. v. Amazon, com, Inc., No. 03-CV-6221 (July 30, 2004) and to remand to the district court for further proceedings. Wal-Mart Stores, Inc. and Electronics Boutique Holding Corp. et al. (Electronics Boutique) each oppose. Sears Roebuck and Co. joins the oppositions filed by WalMart and Electronics Boutique. JVW replies. The parties respond to the court’s January 31, 2006 order directing them to respond concerning whether, in light of KB Toys, Inc.’s bankruptcy filing, the entire case should be stayed or portions not involving KB Toys should proceed.
On JVW’s motion, the court stayed proceedings in this appeal pending the court’s disposition in JVW Enterprises, Inc. v. InterAct Accessories, Inc., 2004-1410. In that case, JVW sued InterAct, a wholesaler of a video game controller, for patent infringement. The district court found no infringement and JVW appealed. On October 3, 2005, this court affirmed in part and reversed in part the district court’s decision in InterAct and remanded for further proceedings. JVW Enterprises, Inc. v. Interact Accessories, Inc., 424 F.3d 1324 (Fed.Cir.2005). In the district court proceedings underlying the present appeal, the district court determined that, due to the district court’s decision in InterAct, JVW’s later-filed claims against the retailers was barred by collateral estoppel.
JVW argues that because the decision upon which the district court based its ruling in this case has been reversed in *345 part, the court should vacate and remand for further proceedings. Wal-Mart Stores, Inc. and Electronics Boutique respond that rather than requesting that this court vacate and remand, JVW should have filed a motion in the district court pursuant to Fed.R.Civ.P. 60(b).
We agree with JVW that because the district court’s decision in InterAct, upon which the district court’s decision in this case was based, was reversed in part and remanded, it is appropriate to vacate and remand.
With respect to KB Toys’ bankruptcy filing, JVW states that KB Toys has emerged from bankruptcy and that JVW’s claim against KB Toys has been discharged. Thus, JVW argues, the case may proceed. We agree.
JVW states that in view of the bankruptcy court’s discharge of JVW’s claim against KB Toys, a dismissal of that claim would be appropriate. Because we are remanding to the district court for further proceedings, JVW should direct its request to dismiss its claim against KB Toys to the district court.
Accordingly,
IT IS ORDERED THAT:
(1) JVW’s motion to vacate and remand is granted.
(2) All sides shall bear their own costs.